**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**Michael D. REESE, Respondent.**

No. 02–1785.

Supreme Court of Iowa.

Feb. 26, 2003.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Michael D. Reese, West Des Moines, pro se.

LAVORATO, Chief Justice.

The Iowa Supreme Court Board of Professional Ethics and Conduct charged Michael D. Reese with ethical violations involving neglect of clients' matters, misappropriation of clients' funds, failure to return clients' properties in violation of court orders, improper receipt of probate fees, misrepresentations to a client, and failure to respond to the Board's inquiries regarding these alleged violations. Following a disciplinary hearing, a division of the Iowa Supreme Court Grievance Commission concluded the Board had established these violations and recommended that we revoke Reese's license to practice law in this state. We agree with the Commission's recommendation and revoke Reese's license.

## I. Background Facts.

In July 2002 the Board filed a complaint against Reese, alleging he violated various provisions of the Iowa Code of Professional Responsibility for Lawyers.

Although the Board made proper service on Reese, he did not answer the complaint. His failure to answer the complaint resulted in an admission of all its allegations. *See* Iowa Ct. R. 36.7 ("If the respondent fails ... to file such answer within the time specified, the allegations of the complaint shall be considered admitted ....").

Moreover, the Board filed fifty-six requests for admissions pursuant to Iowa Court Rule 35.6 and Iowa Rule of Civil Procedure 1.510, to which Reese did not respond. His failure to respond resulted in an admission of all matters requested to be admitted. *See* Iowa R. Civ. P. 1.510(2). All such matters were therefore conclusively established for purposes of the disciplinary hearing. *See* Iowa R. Civ. P. 1.511; *see also Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Allen*, 586 N.W.2d 383, 387 (Iowa 1998).

We find the following facts based on the complaint, the admissions, and the testimony of the Board's witnesses at the disciplinary hearing.

**A. Christiansen dissolution.** In 1998 Reese represented Andria Christiansen in a dissolution of marriage action. The dissolution decree, entered in January 1999, directed counsel to prepare a qualified domestic relations order (QDRO) for the division of assets in a retirement account belonging to Christiansen's former husband. Reese and opposing counsel agreed that Reese would prepare the QDRO. Reese misrepresented to Christiansen that he had prepared and filed the QDRO.

Christiansen filed a complaint with the Board. Reese failed to respond as requested to two notices of the complaint, which the Board had sent him.

**B. Brauch bankruptcy.** In 1998 Sandra Brauch paid Reese a $500 retainer to represent her in filing for bankruptcy. Reese failed to file the bankruptcy petition. He abandoned his practice without notice to Brauch and without accounting for or returning her money and papers.

Brauch filed a complaint with the Board. Reese failed to respond to two notices from the Board about the complaint.

**C. Hardenbrook personal injury matter.** Reese represented Sheila Hardenbrook as plaintiff in a personal injury action that arose from a 1995 automobile accident. Hardenbrook had medical insurance coverage under her husband's policy with Wellmark Blue Cross and Blue Shield of Iowa. Under the policy, Wellmark was subrogated in the amount of $2,023.59 to any recovery Hardenbrook might receive from the defendant in the personal injury action.

In November 1998 Wellmark proposed that Reese represent it with respect to its subrogation claim for a fee of twenty-five percent of any recovery obtained before trial. Reese settled with the defendant. He retained $2000 from the settlement proceeds to apply to Wellmark's subrogation claim, with the understanding that he would return to Hardenbrook any outstanding balance after payment of the subrogation claim. Reese failed to distribute the $2000 to Wellmark or to Hardenbrook.

In August 1999 Wellmark requested from Hardenbrook's husband payment of the subrogation claim. Thereafter, Hardenbrook wrote Reese a letter asking for distribution of the $2000, to which he has never responded. As of April 2002 Wellmark was still contacting the Hardenbrooks about its subrogation claim.

Hardenbrook filed a complaint against Reese with the Board. Reese failed to respond to two notices from the Board regarding the complaint.

**D. Probate matters.** During all or part of 1998, 1999, and 2000 Reese represented the estate of the decedent in nine separate Polk County probate matters. Reese neglected the nine estates by failing to file in a timely manner the final report and close the estates, or by failing to comply with other probate deadlines. Reese was also the attorney for the guardianship of David S. Scothorn in 1998 and 1999. In both years, he neglected to file in a timely

manner the annual report in the guardianship. Reese received more than thirty delinquency notices from the clerk of court in these matters.

In 1998, 1999, and 2000 Reese received formal inquiries from the Board requesting his response to complaints regarding probate delinquencies. He failed to reply to all but one of the notices. In the one instance in which he did respond, Reese failed to follow up with promised action to remove the delinquencies or withdraw as counsel.

**E. Hunt estate.** In 1997 Reese took all of his attorney's fee in the estate of Grace V. Hunt without obtaining a court order authorizing the fee and without filing an inheritance tax clearance and a final report. The fee totaled $1500, which exceeded the maximum statutory fee for ordinary services as provided in Iowa Code sections 633.197 and 633.198. Although the estate file shows there was a contested real estate matter that might have justified an extraordinary fee, Reese never obtained court approval that such a fee requires. *See* Iowa Code § 633.199.

Reese abandoned his practice while the estate was still open and failed to turn over the estate's records and the unearned portion of his fee to the executor.

**F. Chiles estate.** In 1999 Reese took attorney's fees totaling $800 in the estate of Phyllis R. Chiles without filing an inventory or obtaining a court order authorizing the fee. Later, the district court removed Reese as attorney for the estate. Following his removal, Reese failed to turn over the estate's books, records, and documents to the executor within fourteen days as the district court had ordered.

**II. Proceedings.**

In its complaint filed against Reese, the Board alleged that in conjunction with the transactions outlined above, Reese violated the following disciplinary rules: DR 1–102(A)(1), (3), (4), (5), and (6); DR 2–106(A); DR 2–110(A)(2) and (3); DR 6–101(A)(3); DR 7–101(A); DR 7–106(A); and DR 9–102(B)(3) and (4).

Reese did not appear at the hearing on the complaint. Nor did an attorney appear on his behalf. The Board presented written exhibits, which included the requests for admissions, and offered the testimony of Tonya Kay O'Donnell and Sheila Hardenbrook. O'Donnell, an assistant clerk of the Commission, testified regarding steps taken to obtain service on Reese. Hardenbrook testified regarding Reese's alleged failure to pay the subrogation claim owed to Wellmark.

In its filed report, the Commission concluded that Reese neglected the legal matters of clients as detailed above. More specifically, the Commission concluded that Reese's neglect arose from his failure to (1) prepare the QDRO in the Christiansen dissolution action, (2) file the Brauch bankruptcy petition, (3) successfully resolve the Hardenbrook subrogation claim with Wellmark, and (4) meet the probate deadlines in nine separate estates and one guardianship. The Commission concluded such failures were in violation of DR 1–102(A)(5) (lawyer shall not engage in conduct prejudicial to the administration of justice) and (6) (lawyer shall not engage in conduct reflecting adversely on fitness to practice law), DR 6–101(A)(3) (lawyer shall not neglect a client's legal matter), and DR 7–101(A) (lawyer shall not intentionally fail to seek lawful objectives of a client through reasonable available means permitted by law and the disciplinary rules).

The Commission also concluded that Reese engaged in a pattern of misappropriation of funds and failed to account for and return property of his clients. More specifically, with respect to the Brauch

bankruptcy matter, the Commission concluded Reese violated DR 9–102(B)(3) (lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer), (4) (lawyer shall promptly pay or deliver to client the funds, securities or other property the client is entitled to receive), and DR 1–102(A)(4) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

As to the Hardenbrook subrogation matter, the Commission concluded Reese violated the same disciplinary rules—DR 9–102(B)(3), (4) and DR 1–102(A)(4)—as he did in the Brauch bankruptcy matter. Additionally, the Commission concluded Reese violated DR 1–102(A)(3) (lawyer shall not engage in illegal conduct involving moral turpitude).

In connection with the probate fees Reese took in the two estates, the Commission noted that before taking a fee in a probate matter, a lawyer must first obtain a court order setting the amount of the fee. *See* Iowa Code §§ 633.197, 633.198. And once the court order is secured, the lawyer may take the first half of the fee only after the Iowa inheritance tax return is prepared or an inheritance tax clearance is filed. The second half of the fee may be taken when the final report is prepared and the court costs have been paid. *See* Iowa Ct. R. 7.2(4); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Smith,* 569 N.W.2d 499, 500 (Iowa 1997). The Commission concluded that Reese violated the two statutory provisions cited as well as the court rule in connection with taking the fees in the two estates. In addition, the Commission concluded he violated DR 2–106(A) (lawyer shall not enter into agreement for, charge or collect an illegal or excessive fee) and DR 1–102(A)(5).

As to his conduct in violating the court order directing Reese to turn over the records in the Chiles estate, the Commission concluded that he violated DR 7–106(A) (lawyer shall not disregard ruling of tribunal) and DR 1–102(A)(5) and (6).

The Commission determined that Reese made misrepresentations to Christiansen with respect to the preparation and filing of the QDRO. The Commission concluded that Reese violated DR 1–102(A)(4), (5) and (6). As to his failure to respond to the Board concerning (1) complaints from Christiansen, Brauch, and Hardenbrook and (2) probate delinquency notices, the Commission concluded Reese violated DR 1–102(A)(5) and (6).

The Commission recommended that we revoke Reese's license to practice law.

### III. Scope of Review.

■ Reese has not appealed from the Commission's recommendation under Iowa Court Rule 35.11. Nevertheless, our review is de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hansel,* 558 N.W.2d 186, 187 (Iowa 1997). We give respectful consideration to the Commission's recommendations, but we ultimately decide what discipline is appropriate under the unique facts of each case. *Id.* The Board must prove its allegations of lawyer misconduct by a convincing preponderance of the evidence. *Id.*

### IV. Ethical Violations.

■ We agree with the Commission that the Board proved by a convincing preponderance of the evidence Reese violated the disciplinary rules cited by the Commission in support of its conclusions. Specifically, the record evidence establishes that Reese (1) neglected the legal matters of his clients who filed complaints, (2) misappropriated funds and failed to account for and return clients' properties, (3) improperly obtained probate fees, (4)

disregarded a court order, (5) made misrepresentations to a client, and (6) failed to respond to the Board's inquiries. We turn now to a determination of the appropriate discipline.

## V. Discipline.

 When determining the appropriate discipline, we consider the purposes of attorney disciplinary proceedings: protecting the courts and the public from persons unfit to practice law, vindicating public confidence in the integrity of our system of justice, and deterring other lawyers from similar misconduct. *Id.* at 192.

We agree with the Commission that Reese's misappropriation of client funds, when considered along with Reese's numerous other violations of the disciplinary rules, his repeated failure to respond to the Board's inquiries, and his previous suspension for failing to comply with CLE reporting requirements warrant revocation. We have revoked an attorney's license under similar circumstances. *See, e.g., Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sullins,* 648 N.W.2d 127, 132–36 (Iowa 2002) (license revoked where attorney with a record of prior attorney disciplinary actions neglected clients' legal matters, failed to deposit advance payments of fees into trust account, and collected excessive fees); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Leon,* 602 N.W.2d 336, 338–39 (Iowa 1999) (license revoked where attorney repeatedly neglected clients' legal matters, misappropriated client trust funds, misrepresented to clients the status of their cases, and made dishonest statements to law partners and judge to cover up his wrongdoing); *Committee on Prof'l Ethics & Conduct v. Peterson,* 524 N.W.2d 176, 178–79 (Iowa 1994) (revocation warranted where attorney with prior disciplinary record failed to file suit on client's behalf, made misrepresentations to client, collected illegal fees, failed to inform clients of dismissal of case, failed to return client funds, misappropriated client funds, and failed to respond to inquiries by the Committee).

Costs are assessed to Reese pursuant to Iowa Court Rule 35.25.

## LICENSE REVOKED.